UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie D. Whatley, | ) C/A No. 6:07-1432-JFA-WMC |
| Plaintiff, | ) |
| v. | ) |
| Greenwood County Detention Center;<br>Dan Wideman;<br>Southeastern Service Group, Inc.; and<br>Dr. Dale R. Gordoneer, | ) **Report and Recommendation** |
| Defendants. | ) |

The Plaintiff, Willie D. Whatley ("Plaintiff'), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is detained at the Greenwood County Detention Center (GCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names as Defendants the GCDC, the Greenwood County Sheriff (Dan Wideman), a physician that treats inmates at the detention facility (Dr. Dale R. Gordoneer), and the company which allegedly employs Defendant Gordoneer (Southeastern Service Group, Inc.).[2] Plaintiff claims deliberate indifference to a serious medical need and seeks monetary damages. The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal

construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## **Background**

The Plaintiff states that, on February 12, 2007, he slipped on "spilled liquid and rubish [sic] on the stairs" at the GCDC. As a result of the fall, the Plaintiff injured his knee cap and "shin bone area." The Plaintiff indicates he received medical attention "on several occasions between Feb. 12th '07 to April 19th '07" by Defendant Gordoneer, who is apparently employed by Defendant Southeastern Service Group, Inc. However, the Plaintiff alleges that Defendant Gordoneer did not provide "proper medical treatment", causing the Plaintiff to develop fluid on his knee. The Plaintiff also states that he suffers from severe pain and has fallen several more times, further injuring his knee. The Plaintiff alleges that Defendant Wideman's failure to properly enforce the "upkeep policy" at the GCDC contributed to his injury. The Plaintiff fails to state a claim for deliberate indifference to a serious medical needs pursuant to 42 U.S.C. § 1983.

**Discussion**

With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).[3] In *Estelle v. Gamble*, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court in *Estelle v. Gamble* pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Id.* at 105. Furthermore, in *Miltier v. Beorn*, the Fourth Circuit Court of Appeals noted that the medical treatment at issue "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness" and that "mere negligence or malpractice does not violate the [Constitution]." *Miltier v. Beorn*, 896 F.2d 848, 851-852 (4th Cir. 1990)(citation omitted).

The instant Complaint indicates that the Plaintiff received medical care on the day of his knee injury and continued to receive treatment by Defendant Gordoneer for approximately two months thereafter. Thus, the Plaintiff admits that the GCDC provided medical attention, however, he complains that "proper medical care" was denied.[4] The

---

[3] The Plaintiff's claims are governed by the Fourteenth Amendment, not the Eighth Amendment, because the Plaintiff is a pre-trial detainee confined at the Greenwood County Detention Center. *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) ("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee.")

[4] It should be noted that Defendant GCDC is not a proper defendant in this § 1983 action. It is well settled that only "persons" may act under color of state law. The GCDC is a facility used to house prisoners and detainees. Hence, the GCDC not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999), (the Piedmont Regional Jail is not a person amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Plaintiff further accuses the Defendants of "gross negligence". Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326, 329, n. 2 (S.D. Ga. 1994)(collecting cases). Further, while the Constitution requires that prisoners be provided with a certain minimum level of medical treatment, "it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). In the present action, the Plaintiff clearly received timely medical attention for his knee injury. Thus, the Defendants were not deliberately indifferent to the Plaintiff's serious medical need.

In as much as the Plaintiff is claiming negligence or incorrect medical treatment, such claims are not actionable under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, a § 1983 action may not be based only on a violation of state law or on a state tort. *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988). The law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987). Similarly, medical malpractice, a state law tort, is not actionable under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Thus, negligence and medical malpractice are not

constitutional violations and do not state a claim under § 1983. The Complaint in this case should be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### Recommendation

Accordingly, it is re commended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Todd v. Baskerville* 712 F.2d at 74, *Denton v. Hernandez*, 504 U.S. at 31, *Neitzke v. Williams*, 490 U.S. at 324-25. **Plaintiff's attention is directed to the important notice on the next page.**

                                                   s/William M. Catoe
                                                   United States Magistrate Judge

May 30, 2007
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).